FILED: January 10, 2023

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-7453
(2:93-cr-00090-RBS-1)

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ERROL WINTER, a/k/a Smiley, a/k/a Tony Tubbs,

      Defendant - Appellant.

O R D E R

      Errol Winter appeals the district court's order denying his motion for sentence reduction pursuant to § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act"). The Government has filed a motion to remand the case to the district court for consideration of the effect of *Concepcion v. United States*, 142 S. Ct. 2389 (2022), on Winter's motion.

      Upon consideration of the Government's motion and Winter's response, we grant the motion to remand. When deciding a First Step Act motion, the district court must "make clear that it reasoned through the parties' arguments." *Concepcion*, 142 S. Ct. at 2404 (cleaned up). Here, the district court's order did not make clear that it considered all

of Winter's arguments, such as his assertion that the First Step Act reduced the statutory maximum for his offense or his arguments regarding unwarranted sentencing disparities.

The legal landscape has changed significantly since the district court entered its order in September 2020. We vacate the district court's order and remand for reconsideration in light of *Concepcion* and Fourth Circuit precedent that the district court did not have the benefit of at the time of its order.

When remanding, "we may reassign it to a different judge when the appearance of fairness and impartiality is best advanced by reassignment." *United States v. McCall*, 934 F.3d 380, 384 (4th Cir. 2019). Winter highlights strong denunciations by the district court at his initial sentencing which may raise the specter of prejudice.[1] Although these

---

[1] An excerpt of the district court's statements at the 1994 sentencing hearing is below.

> Well, Mr. Winter, I don't have any difficulty sentencing you. A lot of times I do, and with you, I have no difficulty whatsoever. My only regret is that you ever came to the United States. The United States would have been a lot better off if you had stayed in Guyana, and that's the only thing I wish for my country, is that you weren't here in the first place, because you were the lowest of the low.
>
> You are not a drug user, you don't use drugs, you prey off of other people. You think there is a get-rich-quick scheme out there, that you can sell drugs and prey on other individuals, and be a thug and get thugs to do things for you, and life goes on. And you are what is destroying our country, and as far as I'm concerned, prison is the right place for you for the rest of your life, and I hope you never get out. I hope they don't change the law, and I hope you never see the light of day outside of a prison, and that is a very tough thing for a judge to say to somebody, but it is really my hope and my desire, because you are that horrible.

Sentencing Tr. at 103.

statements were nearly three decades past, and there is no record evidence since then of any actual bias, we must remain vigilant against "the mere appearance of bias." *Id.* Given that "[w]e do not believe that any waste or duplication would be out of proportion to the appearance of fairness a reassignment will preserve," *United States v. Martinovich*, 810 F.3d 232, 245–46 (4th Cir. 2016), we grant Winter's request to direct reassignment to another district judge.

 Entered at the direction of the panel: Chief Judge Gregory, Judge Diaz, and Judge Richardson. Judge Richardson dissents from the decision to reassign the case to a different district judge.

               For the Court

               /s/ Patricia S. Connor, Clerk